IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA.

NATHAN SANDS,

          **Plaintiff,**

vs.                                         Case No. CV-19-300-JED-FHM

CORECIVIC, et al.,

          **Defendants.**

## DEFENDANT CORECIVIC'S APPLICATION FOR STAY PENDING RULING ON DEFENDANT'S MOTION TO DISMISS.

COME NOW Defendant CoreCivic by and through their attorney of record, Darrell L. Moore, OBA #6332, of J. Ralph Moore, P.C., hereby making application to the Court for an Order holding this case in abeyance pending the Court's ruling on the Defendant's Motion to Dismiss on the dispositive issue of Plaintiff's untimely filing of his complaint with this Honorable Court. In support of this motion, Defendant respectfully states as follows:

1. Plaintiff filed his action on May 31, 2019. *See* Doc. #2.

2. Plaintiff filed his action pursuant to 42 U.S.C. § 1983.

3. Defendant CoreCivic filed their Motion to Dismiss on July 26, 2019 [Doc. 11] asserting Plaintiff had failed to state claims upon which relief could be granted because Plaintiff's action was not timely filed.

4. A plain reading of Plaintiff's complaint indicates his asserted claims arose during March 2017. The limitations period for §1983 claims generally is determined by the forum state's law governing personal-injury suits. *See* Mondragon v. Thompson, 519

1

F.3d 1078, 1082 (10th Cir. 2008). Oklahoma has a two-year statute of limitations. *See* Burkley v. Corr. Healthcare Mgmt. of Okla. Inc., 141 F. App'x 714, 715-6 (10th Cir. 2005).

5. Defendant's Motion to Dismiss, if granted by this Honorable Court, would be dispositive of Plaintiff's claims and complaint.

6. By minute order dated February 13, 2020, the Court found *good cause* for delay in issuing a Scheduling Order in this case, until the dismissal motions filed (Doc. 11, 18) are first resolved.

7. On March 18, 2020, Plaintiff submitted discovery requests to Defendant CoreCivic (6 interrogatories, 21 document production requests, and 10 requests for admission). All of Plaintiff's submitted discovery requests focus on merits-based issues and not on the dispositive issue of whether Plaintiff's complaint was timely filed with this Court.

8. Defendant respectfully request this Honorable Court stay further actions by the parties and stay discovery on the merits in this matter until such time as the Court has ruled on the pending Motions to Dismiss. If this Honorable Court grants Defendants' pending Motions to Dismiss, further legal action and the expenditure of time and effort by counsel and facility staff would be unnecessary.

9. In this present matter a stay will prejudice no party, will likely benefit judicial economy, and will certainly benefit the Defendant's economic use of time and resources. *See* Moses H. Cone Hosp. v. Mercury Construction Corp., 460 U.S. 1, 20 n. 23 (1983) (a court has discretion to control its docket for purpose of economy of time and effort for itself, counsel, and for litigants).

10. To respond to Plaintiff's merits-focused discovery requests at this time, prior to the Court's ruling on the pending Motions to Dismiss, will require a significant amount of time and attention by key members of the Tulsa Transitional Center facility staff. A more prudent use of facility staff members' time and resources would be keeping their focus on covid-19 concerns. Currently, 186 OK DOC inmates are housed at the facility. Before the onset of the covid-19 pandemic, most of those 186 inmates left the facility each day to work in the Tulsa metropolitan community. With recent layoffs, only 79 inmates are today working outside the facility.

11. Inherent in the power of every court to control its docket is the power to stay proceedings in the interest of justice. *See* Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The granting of a stay ordinarily lies within the sound discretion of the district court. *See* Pet Milk Co. v. Ritter, 323 F.2d 586 (10th Cir. 1963).

12. Plaintiff is not incarcerated and has acknowledged he has suffered no economic damages as a result of his allegations. Plaintiff would not suffer prejudice if a stay was granted by the Court since Plaintiff is free to devote his time and attention to whatever productive efforts presently occupy him.

13. Counsel for CoreCivic has contacted Plaintiff's counsel regarding this request. Counsel for Plaintiff has indicated he would object to Defendant's request. Counsel for CoreCivic has contacted Defendant Julie Estes and she has stated she has no objection to the Court issuing a stay pending the Court's ruling on the pending Motions to Dismiss filed by Defendant CoreCivic and by Defendant Estes.

14. A proposed Order for this Court's consideration is attached hereto.

WHEREFORE, premises considered, Defendant CoreCivic respectfully requests the Court enter an Order granting this application for a stay until the Court has issued a ruling on the pending Motions to Dismiss.

Respectfully submitted,
Defendant CoreCivic

BY: _____
Darrell L. Moore, OBA #6332
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332//Fax: (918) 825-7730
darrellmoore@jralphmoorepc.com
Attorney for Defendant CoreCivic

**Certificate of Service**

☒ I hereby certify that on March 24, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    don@smolen.law
    jds@smolen.law
    laura@smolen.law

☒  I hereby certify that on March 24, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

    Julie Estes
    2933 W. Easton Street
    Tulsa, OK 74127

_____
DARRELL L. MOORE